**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.** **CASE NO. 21-CR-JEB**

**JULIO BAQUERO,**

**Defendant.**

______________________________/

**JULIO BAQUERO'S UNOPPOSED MOTION TO REDUCE HIS SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)**

## I. INTRODUCTION

Last year, this Court sentenced Mr. Baquero to 18 months' imprisonment with one year of supervised release to follow. (DE 61-62). Unfortunately, while imprisoned, Mr. Baquero has been diagnosed with stomach cancer. *See* Sealed Attachment (DE 67). Because of Mr. Baquero's significant medical issue, he is asking the Court to reduce his sentence to home confinement and his scheduled term of supervised release. The government does not oppose this relief.

On December 1, 2021, a federal grand jury returned an indictment charging Mr. Baquero with six counts arising from the events on January 6, 2021. (DE 12). On February 16, 2023, Mr. Baquero pled guilty to Civil Disorder. (DE 39-41). At sentencing, Mr. Baquero's total offense level was 17, with a criminal history of category I. (DE 50). Accordingly, his Guidelines imprisonment range was 24 to 30

months. *Id*. The Court ultimately sentenced Mr. Baquero to 18 months' imprisonment with one year of supervised release. (DE 61-62).

Mr. Baquero's actions on January 6th were an aberration. Despite a challenging and difficult childhood, he had never been in trouble with the law. PSR at ¶¶ 50-51. At an early age, Julio's father abandoned the family. PSR at ¶ 59. As a result, he grew up in relative poverty, having to move constantly, with food and shelter not guaranteed. PSR at ¶ 59. Despite these hardships, aside from a minor traffic infraction, Julio has, until the events of January 6th, led a law-abiding life. PSR at ¶¶ 50-51, 53. Moreover, notwithstanding the instability of his childhood, Mr. Baquero has forged, with Amy Ruiz, his partner since the 8th grade, a stable, productive, and happy home for themselves and their three children. PSR at ¶¶ 62-63.

## II. MEMORANDUM OF LAW

This Court has the authority to reduce Mr. Baquero's sentence based on the extraordinary and compelling circumstances presented by his case. The changes to 18 U.S.C. § 3582(c)(1)(A)(i) made by the First Step Act allow inmates like Mr. Baquero, who are suffering from severe health issues, to seek sentence reductions from the Court. The circumstances here warrant such relief, and the factors a Court must consider in determining an appropriate sentence weigh strongly in favor of a reduction to home confinement followed by a one-year term of supervised release.

### A. The Court Has Authority to Reduce Mr. Baquero's Sentence for "Extraordinary and Compelling Reasons."

The Comprehensive Crime Control Act of 1984, Pub. L. No. 98–473, 98 Stat. 1837 provided that a district court could reduce a term of imprisonment in limited circumstances, one of which was the presence of "extraordinary and compelling reasons" warranting the reduction, as determined by the sentencing court. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2002), amended by First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194. Although Congress gave courts this authority nearly four decades ago, the statute imposed a gatekeeper—the authority could be invoked only upon a motion by the BOP. *Id.* at § 3582(c)(1)(A) (2002). Without such a motion, sentencing courts were powerless to reduce a sentence, even if they concluded that extraordinary and compelling reasons warranted such relief.

Congress altered this regime in December 2018, by enacting the First Step Act, which amended § 3582(c)(1)(A). *See* First Step Act § 603. Under the amended statute, a court can reduce a sentence for "extraordinary and compelling reasons" upon a defendant's motion. The government agrees that the Court has the authority to grant this motion.

### B. Extraordinary and Compelling Extraordinary and Compelling Circumstances Warrant a Reduction in Mr. Baquero's Sentence

18 U.S.C. § 3582(c)(1)(A)(i) permits a sentence reduction upon a showing of "extraordinary and compelling reasons" if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and "after

considering the [sentencing] factors set forth in section 3553(a).” The parties agree that Mr. Baquero presents extraordinary and compelling reasons for a sentence reduction consistent with the Sentencing Guidelines’ policy statements.

Under the 2023 Amendments to U.S.S.G. § 1B1.13, “extraordinary and compelling” circumstances include medical reasons, such as where:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is— (i) suffering from a serious physical or medical condition, ...that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. §§ 1B1.13(b)(1)(A)–(C). There is no dispute that the compassionate release grounds articulated in U.S.S.G § 1B1.13—which include medical situations like Mr. Baquero’s—may form the basis for a sentence reduction.

Mr. Baquero is 40-years-old, and until recently, a relatively healthy person. On February 26, 2024, while at FCI Miami, he reported abdominal pain, constipation, and a palpable abdominal mass. (Sealed Attachment DE 67). About two weeks later, BOP transferred him to a local hospital for evaluation. *Id.* On March 20, 2024, after several preceding tests, the hospital performed a colonoscopy with a biopsy. *Id*

On March 26, 2024, the hospital issued a pathology report that revealed a "poorly differentiated gastric adenocarcinoma." *Id*. In other words, the test revealed Mr. Baquero has stomach cancer.

The next day, Mr. Baquero was transferred to another hospital and received an oncology evaluation. *Id*. He is scheduled for a chemotherapy port placement on April 17, 2024, and a follow-up with an oncologist on May 2, 2024. *Id*. After which he will begin a course of chemotherapy. Currently, he is being housed at FCI Miami. Given the circumstances of his diagnosis and his release date, he respectfully requests that he be allowed to begin his treatment while residing with his family.

**C. The § 3553(a) factors weigh in favor of a reduction of Mr. Baquero's sentence.**

Mr. Baquero has served nearly his total sentence—he is scheduled to be transferred to a halfway house next month and to complete his total custodial sentence on August 27, 2024. Mr. Baquero has a history of compliance while in BOP custody. While the underlying facts of his federal conviction were serious, he fully accepted responsibility and demonstrated significant remorse for his offense. Given Mr. Baquero's health condition, his history of compliance while on pre-trial release and in BOP custody, this proposed reduction satisfies the goals of sentencing.

**D. Mr. Baquero is not a danger to the safety of any other person or to the community.**

Because Mr. Baquero does not present a danger to the community, his early release is consistent with applicable policy statements issued by the Sentencing Commission." U.S.S.G. § 1B1.13(a)(2). Aside from the instant offense, Mr. Baquero

has no other criminal history. And, as previously noted, Mr. Baquero never violated any of the terms of his pre-trial release. Mr. Baquero's history of compliance in and until recently, he is not a danger to the community. Finally, his term of imprisonment will be converted to home confinement coupled with a term of supervised release, which mitigates any concern that he will pose a risk to the public upon release.

### E. Mr. Baquero Would Have Assistance in his Reentry if Granted a Sentence Reduction

If this Court were to reduce Mr. Baquero's sentence, he will reside with his wife and have family support in navigating his medical care here in South Florida. He will also continue to receive his scheduled medical treatments at the hospital identified in the sealed documents (DE 67) while he is under the term of home confinement.

## III. CONCLUSION

For the reasons stated above, Mr. Baquero respectfully requests that the Court conclude that extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his sentence to a term of home confinement with the terms and conditions of supervised release remaining the same.

Respectfully submitted,

**HECTOR A. DOPICO**
**INTERIM FEDERAL PUBLIC DEFENDER**

By: /s/ *Michael Caru*so
Assistant Federal Public Defender
Florida Bar No. 051993
150 W. Flagler Street, Suite 1500

Miami, Florida 33130-1556
(305) 530-7000
(305) 536-4559, Fax
Email: Michael_Caruso@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 8, 2024, undersigned counsel electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

*/s/ Michael Caruso*